**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAVINDER SINGH; JATINDER KAUR, | No. 06-70019 |
| Petitioners, | Agency Nos. A079-281-777 |
| v. | A079-281-778 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2010[**]
San Francisco, California

Before: ARCHER, CALLAHAN and BEA, Circuit Judges.[***]

Ravinder Singh ("Ravinder") and his wife Jatinder Kit Kaur (collectively,

"the Singhs"), petition for review of the Board of Immigration Appeal's ("BIA")

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Glenn L. Archer, Jr., Senior United States Circuit
Judge for the Federal Circuit, sitting by designation.

decision denying their applications for asylum, withholding of removal, or protection under the Convention Against Torture ("CAT"). The Singhs contend that the BIA and Immigration Judge ("IJ") erred in finding that they failed to present a credible claim for asylum, withholding of removal, and protection under the CAT because of inconsistencies in Ravinder's testimony regarding his interactions with militants and police.[1] They also contend that the IJ should have excused the inconsistencies because of Ravinder's alleged nervousness and anxiety during his asylum hearing. We deny the petition because none of the Singhs' contentions are persuasive.

The Singhs generally contend that BIA erred in adopting the IJ's decision because the IJ's reasons for finding Ravinder incredible were not cogently stated or sufficiently detailed, and that any inconsistencies were minor and did not go to the heart of their claims. An adverse credibility determination will be upheld where the identified inconsistencies go to the heart of the applicant's asylum claim. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). "[R]epeated and significant inconsistencies," however, may deprive a claim of the "requisite ring of truth." *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005).

---

[1] Because the parties are familiar with the facts of this case, we repeat them here only as necessary to the disposition of this case.

2

The IJ found that multiple inconsistencies between Ravinder's testimony and his statements during his asylum interview about his encounters with militants rendered him incredible. In particular, for each of the visits by the militants, Ravinder provided inconsistent testimony regarding the number of militants, where he was when they arrived, as well as other details. The IJ also found incredible Ravinder's testimony that he could not recall the name of the militant that was central to Ravinder's claim that he was arrested, interrogated and beaten over a ten day period by police. These repeated inconsistencies go to the heart of the Singhs' claim, and the IJ's credibility finding was based on substantial evidence. *See Li*, 378 F.3d at 962; *Kaur*, 418 F.3d at 1067.

The Singhs' argument that the IJ failed to give proper weight to Ravinder's alleged confusion and anxiousness at the asylum interview is also not supported by the record. The IJ carefully reviewed the evidence regarding the asylum interview before determining that there was no basis for Ravinder's claims of nervousness and anxiety. The IJ's credibility determination is given substantial deference and the Singhs' have presented no compelling reason for why this court should reverse the IJ. *See Zehatye v. Gonzales*, 453 F.3d 1063, 1185 (9th Cir. 2006)*; Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 661 (9th Cir. 2003).

Accordingly, the petition for review is hereby **DENIED**.

3